**Marilyn B. KILLINGHAM, Plaintiff,**

v.

**BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES operating as Chicago State University, Defendant.**

**No. 81 C 7089.**

United States District Court,
N.D. Illinois, E.D.

Oct. 4, 1982.

Harvey Melinger, Chicago, Ill., for plaintiff.

Kenneth G. Kombrink, Bloomington, Ill., Brian W. Bulger, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Marilyn Killingham ("Killingham") has sued her former employer, the Board of

---

Governors of State Colleges and Universities operating Chicago State University ("Board"), charging racial and sexual discrimination[1] in violation of 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Board moves for dismissal, asserting that both claims are time-barred and alternatively that no jurisdiction exists over the Title VII claim. For the reasons stated in this memorandum opinion and order, Board's motion to dismiss the Title VII claim is denied while its motion to dismiss the Section 1981 claim is granted.

### Title VII "Timeliness"

Because Board's motion focuses on timing considerations, nothing need be said about the nature of Killingham's claims except that they stem from her employment during 1972 and 1973. Promptly after her termination Killingham filed a timely (July 11, 1973) complaint with Equal Employment Opportunity Commission ("EEOC"). For whatever reason, Killingham did not receive an EEOC right-to-sue letter (reflecting a dismissal of the charge) for over eight years.[2]

EEOC's August 19, 1981 letter was sent by certified mail, return receipt requested. It was received and signed for by Killingham's mother September 18, 1981 and delivered to Killingham the following day.[3] Killingham's pro se complaint[4] was filed in this Court December 18, 1981—*91* days after delivery of EEOC's letter to Killingham's mother and *90* days after its receipt by Killingham.

▆ Of course the first question is whether Title VII's 90-day time clock (42 U.S.C. § 2000e–5(f)(1) requires suit to be filed "within ninety days after the giving of such notice") began to run September 18 or 19. If the former date controls, this action was untimely filed; if the latter, it was filed on time.

That issue has been resolved by our Court of Appeals in favor of the date of *actual* (not constructive) receipt by the Title VII claimant. *Archie v. Chicago Truck Drivers, Helpers and Warehouse Workers Union,* 585 F.2d 210, 214–16 (7th Cir. 1978). Accordingly the statutory 90-day period did not begin when Killingham's mother went to the post office September 18, 1981 to sign for Killingham's certified mail, but rather on September 19 when she handed the letter to Killingham. And in turn that means Killingham got to the courthouse on time with her December 18 complaint.[5]

### Section 1981 Untimeliness

▆ As for Section 1981, however, Killingham is several years out of time. *Beard v. Robinson,* 563 F.2d 331, 334–38 (7th Cir. 1977) teaches that the Illinois five-year statute of limitations applies to claims under federal Civil Rights Act provisions (like Section 1981) that do not define their own

---

1. Killingham is a black female.

2. Board has tendered an EEOC affidavit, accompanied by a file copy of a much earlier right-to-sue letter (dated July 8, 1975). Killingham denies having received that letter. Some corroboration of her denial is provided by the file copy's "REGISTERED MAIL" notation and the absence of a registered return receipt in EEOC's file.

3. Amended Complaint ¶ 8 alleged Killingham's receipt of the letter from EEOC "on or about September 19, 1981." Given the critical relevance of the specific date, both Killingham and Board have tendered affidavits in connection with the motion (which thus ceases to be a Fed.R.Civ.P. ("Rule") 12(b)(6) motion). This opinion reflects the facts stated in the affidavits.

4. Killingham is now represented by counsel, who filed an Amended Complaint (the "Complaint") on her behalf June 11, 1982.

5. This conclusion obviates the need to deal with such interesting questions as:

    (a) whether after *Zipes v. TWA,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) the 90-day requirement is truly jurisdictional *or simply a limitation period subject to equitable waiver or tolling;* and

    (b) if the latter, whether equitable tolling would result from the mere fact that Killingham was a lay person who acted pro se after getting a notice that said (emphasis added): "If you choose to commence a civil action, such suit must be filed in the appropriate United States District Court within 90 days of *your receipt of this Notice.*"

limitations periods. Killingham has conceded as much (Mem. 3) and her Section 1981 claim is dismissed.

### Considerations Affecting Relief

This Court rarely if ever anticipates problems in cases on its calendar before the litigants choose to pose them. This case however calls out for such treatment because of the circumstances suggested by the discussion to this point.

As already indicated, there was an eight-year hiatus between Killingham's EEOC filing and the right-to-sue letter. But Killingham could have triggered EEOC's issuance of such a letter 180 days after she filed. 29 C.F.R. § 1601.28 (1978), implementing 42 U.S.C. § 2000e–5(f)(1). It was wholly within her control to have done so and thus to have brought suit early in 1974 rather than at the end of 1981.

Under similar (though even less egregious) circumstances our Court of Appeals has disallowed damages for the excess time period (in this case well over 7½ years) caused by the plaintiff's inaction. *Kamberos v. GTE Automatic Electric, Inc.*, 603 F.2d 598, 603 (7th Cir. 1979), *cert. denied*, 454 U.S. 1060, 102 S.Ct. 612, 70 L.Ed.2d 599 (1982). When that factor is taken into account Killingham's potential damages (Complaint ¶ 21 identifies them as $2000 per year) are diminished dramatically. And the same delay has to militate against likelihood of reinstatement, the other relief sought by Killingham.[6]

What it all appears to come down to is that both litigants should take a hard look at this lawsuit in light of the realities. Settlement rather than trial seems well worth consideration by each party.

### Conclusion

Board's motion to dismiss is granted as to Killingham's Section 1981 claim and denied as to her Title VII claim. Board is ordered to answer the Complaint on or before Octo-

ber 18, 1982. This action is set for a status report at 9:00 a.m. November 5, 1982.

---

6. It is of course also possible that the same passage of time has made it more difficult for Board to defend Killingham's claim on the merits. This Court has not had occasion to consider whether, if such were the case, laches or other equitable considerations could also come into play.