**Ann TRINKLE, Plaintiff,**

v.

**BELL LITHO, INC., Defendant.**

**No. 85 C 2205.**

United States District Court,
N.D. Illinois, E.D.

Feb. 7, 1986.

Ann Trinkle, pro se.

Carl S. Tominberg and Fredric Bryan Lesser, Chicago, Ill., for defendant.

### MEMORANDUM AND ORDER

MORAN, District Judge.

This is a Title VII pregnancy discrimination case in which plaintiff has moved for appointment of counsel. In a memorandum and order dated October 22, 1985, this court continued consideration on the appointment-of-counsel petition until plaintiff (1) demonstrated her efforts to obtain private counsel and (2) explained why she didn't file her complaint here until four months after the EEOC sent her right-to-sue letter.

Defendant seized on the timing question and deposed plaintiff to determine the facts revolving around the right-to-sue letter. Now that the court has a better idea of what went on, it has decided plaintiff deserves court-appointed counsel.

In September 1984 the EEOC informed plaintiff that it had dismissed her charge and that she should expect the right-to-sue letter in the mail. Her EEOC file shows that although a letter was sent by certified

mail on November 15, 1984, it was returned unclaimed on December 7. Plaintiff claims she never received either the letter or any notice that certified mail was waiting for her. At the end of February 1985 plaintiff called the EEOC to inquire when the letter would be sent. After several phone calls of this nature she finally just went down to the EEOC and picked up a right-to-sue letter. She filed her complaint here the next day, March 18, 1985.

■ The 90-day filing requirement in Title VII, 42 U.S.C. § 2000e–5(f)(1), operates as a statute of limitations which can be tolled or waived. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984), *citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In our first memorandum and order we had assumed that tolling or waiver of the 90-day requirement was the issue. However, given the facts as we now understand them, the question is whether the 90 days begins to run on receipt of actual or constructive knowledge of one's right to sue.

■ The Seventh Circuit has developed a three-pronged approach to the issue. In cases where the right-to-sue letter is mailed to plaintiff's residence but received by someone other than the plaintiff, the 90 days commences on the date the claimant "actually receives" the letter. *Archie v. Chicago Truck Drivers, etc.*, 585 F.2d 210, 216 (7th Cir.1978) (letter received by plaintiff's wife, who didn't give it to plaintiff for nine days); *Killingham v. Board of Governors of State Colleges and Universities*, 549 F.Supp. 225 (N.D.Ill.1982). In cases where the right-to-sue letter is sent to plaintiff's attorney, the 90-day period begins to run when the attorney actually receives the notice. *Jones*, 744 F.2d at 1312. In cases where the claimant does

not receive a right-to-sue letter for some other reason, a "fault" approach is used:

> This approach essentially involves looking at whether the delay in bringing suit was the "fault" of the claimant.... [T]his approach requires determining the issue on a case-by-case basis.

*Jones*, 744 F.2d at 1313 and n. 6. The court used this approach in *St. Louis v. Alverno College*, 744 F.2d 1314 (7th Cir. 1984), where the claimant did not receive his right-to-sue letter because he failed to notify the EEOC of his current address. The court found that the claimant could and should have supplied the EEOC with the information; the fact that he never received the letter was therefore his fault.[1]

■ Using the "fault" approach here, we find plaintiff did not receive actual notice of the 90-day requirement until she received the letter. Although the EEOC informed her she would receive a letter in September 1984 and again in February 1985, and that she needed this letter to file a complaint in court, there is no evidence that they explained the 90-day limitation at any point. Plaintiff (unfamiliar with Title VII and unrepresented by counsel) cannot be held to have had actual knowledge of the requirement through these conversations. *See Jones*, 744 F.2d at 1313 ("actual knowledge" is the "crucial concept" in this matter). Likewise, although the EEOC did mail plaintiff the right-to-sue letter three times by certified mail, plaintiff never received them. There is no evidence that she was at fault. In this situation she "can hardly be said to have slept on [her] rights if [she] allowed the [90-day] period to expire in ignorance of [her] *right* to sue." *Archie*, 585 F.2d at 216, *quoting Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir.1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976)[2].

---

**1.** Note that this "fault" approach could apply to the first set of cases with results which would not always be consistent with those produced by the "actual receipt" approach. *See Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247, 1250 n. 3 (5th Cir.1985) (90 days begins when

wife received the letter, even though claimant didn't see it until later).

**2.** The Seventh Circuit has penalized plaintiffs who have waited for the EEOC letter by reducing the amount of their backpay award. *Kamberos v. GTE Automatic Electric, Inc.*, 603

The court raised the 90-day requirement issue originally because of its concern that counsel should not be appointed to a case barred on limitation grounds. This concern has been lifted and what remains is the merits of plaintiff's claim. She is charging sex discrimination in that she was fired because she was pregnant. This claim is not frivolous. Even though the administrative agency determined the evidence weighed against her, she is entitled to a *de novo* review here.

## Conclusion

Plaintiff's appointment-of-counsel petition is granted.

F.2d 598 (7th Cir.1979), *cert. denied,* 454 U.S. 1060, 102 S.Ct. 612, 70 L.Ed.2d 599 (1981). In that case the plaintiff, who was herself a lawyer, was fully aware of her right to request a right-to-sue letter after 180 days following the filing of her charge with the EEOC. The court reasoned that "complainant should not be permitted to prejudice the employer by taking advantage of the [EEOC's] slowness in processing claims," 603 F.2d at 603. While this reasoning is questionable, *see Kamberos, supra* (White, J, dissenting), it does not apply here where plaintiff is unrepresented and not schooled in Title VII, and the issue is jurisdiction, not damages. *See Killingham, supra,* 549 F.Supp. at 226 (the fact that the EEOC did not send right-to-sue letter for eight years did not affect analysis for 90-day filing requirement).