**W. Garland NEALY,**
**Plaintiff–Appellant,**

**v.**

**Jack HAMILTON, Michael Garson, and**
**Walton Shepherd,**
**Defendants–Appellees.**

**No. 86–1674.**

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 1988.

Marta L. Engle, Dallas, Tex., for plaintiff-appellant.

Marc H. Fanning, Dallas, Tex., for Walton Shepherd.

Harvey L. Greenberg, New York City, for Garson.

Before CLARK, Chief Judge, BRIGHT,* Senior Circuit Judge, and GEE, Circuit Judge.

BRIGHT, Senior Circuit Judge:

W. Garland Nealy, acting *pro se*, brought this action against lawyers Jack Hamilton, Michael Garson and Walton Shepherd and John Doe(s). Nealy asserts that these lawyers, by proffering allegedly false and confidential testimony while testifying as witnesses against Nealy in a criminal conspiracy and tax fraud case, violated Nealy's civil rights under 42 U.S.C. § 1985(2) (1982) (conspiracy to obstruct justice with intent to deny Nealy equal protection of the laws) and the attorney-client privilege. The district court[1] dismissed Nealy's complaint for failure to state a claim. Nealy appeals, asserting that the district court erred in dismissing the claim without permitting him to present any evidence in support of his contentions. He also claims that the trial court erred in refusing to enter a default judgment against defendant Hamilton, who, according to Nealy, did not answer the complaint. The appointed counsel who represented Nealy in the argument on appeal asserted that Nealy's claims stated a claim for relief under the first part of 42 U.S.C. § 1985(2). We have examined the briefs and the files and record in this case and affirm the dismissal.

## I. BACKGROUND

According to the complaint, Nealy employed attorneys Hamilton, Garson, and Shepherd at various times throughout the 1970's. Hamilton assisted Nealy in obtaining a loan from the Northwestern Bank in Charlotte, North Carolina, while Garson and Shepherd gave legal advice and approved all documents for the sale of a lease of property in Fayette County, West Virginia. Nealy asserts that during the employ of these attorneys, he divulged confidential information covered by the attorney-client privilege.

Subsequent to a grand jury indictment, a jury found Nealy guilty of conspiring to aid and assist in the filing of false third-party tax returns in violation of 26 U.S.C. § 7206 (1982) and 18 U.S.C. § 371 (1982). The three attorneys, defendants herein, testified at Nealy's trial. Nealy, in his current complaint, asserts that the attorneys gave interviews to government agents prior to testifying, supplying the agents with privileged documents and secret communications, in violation of the attorney-client privilege. Nealy further alleges that the attorneys committed perjury and again violated the attorney-client privilege by testifying without compulsion from the court. Attorney Garson made a motion to dismiss for failure to state a claim upon which relief could be granted, and the district court granted the motion. Nealy now appeals the district court's grant.

## II. DISCUSSION

■ District court dismissals for failure to state a claim upon which relief can be granted are questions of law and are freely reviewable by this court on appeal. *See, e.g., Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). When reviewing a Rule 12(b)(6) motion, we view the facts in the light most favorable to the non-moving party. *Madden v. Gluck*, 815 F.2d 1163, 1164 (8th Cir.1987). A complaint should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### A. Section 1985(2) Claim

■ The Supreme Court has analyzed 42 U.S.C. § 1985(2) as containing two discrete parts. *See Kush v. Rutledge*, 460 U.S. 719, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983). At oral argument, Nealy's counsel explained that the complaint alleged violation of only

---

* Senior Circuit Judge of the Eighth Circuit, sitting by designation.

1. The Hon. David H. Belew, Jr., United States District Judge for the Northern District of Texas.

part one of the statute. Part one of 42 U.S.C. § 1985(2) provides:

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, *or to influence the verdict,* presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; * * * [an action for damages will lie].

42 U.S.C. § 1985(2) (emphasis added).

Nealy alleges that the defendants conspired to influence the verdict against Nealy by giving perjured and inadmissible testimony at his trial. In dismissing the action, the district court relied on *Brawer v. Horowitz,* 535 F.2d 830, 840 (3d Cir.1976), in which the Third Circuit held that plaintiff's assertion that a witness and the prosecutor conspired to give perjured testimony in order to obtain a conviction failed to state a claim under § 1985(2). The Ninth Circuit came to a similar conclusion in *Dooley v. Reiss,* 736 F.2d 1392 (9th Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984). The district court properly dismissed the complaint in reliance on the reasoning therein.

We need not here engage in a lengthy analysis of the legislative history of part one of § 1985(2). The court in *Brawer* has already done so admirably. That court's close scrutiny of the debates surrounding the Act revealed "a Congressional intent to insulate witnesses, parties and grand or petit jurors from conspiracies to pressure or intimidate them in the performance of

their duties, and an intent to guard against conspiracies the object of which is to deny citizens the equal protection of the laws." *Brawer,* 535 F.2d at 839 (citing 1 Statutory History of the United States: Civil Rights 626, 621–24, 641–43 (B. Schwartz ed. 1970)). *See also McCord v. Bailey,* 636 F.2d 606, 614–17 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). Part one of § 1985(2) concerns itself solely with "conspiratorial conduct that *directly* affects * * * parties, witnesses or grand or petit jurors." *Brawer,* 535 F.2d at 840 (emphasis in original). It is designed to combat coercion and intimidation levied directly against participants in a case. *See Dooley v. Reiss,* 736 F.2d at 1396. Like the Third and Ninth Circuits, we conclude that even if defendants did conspire to improperly influence the jury by proffering false and inadmissible statements of proof, the alleged influence is "too remote to fit within the intended ambit of § 1985(2)." *See Brawer,* 535 F.2d at 840. Accordingly, the district court properly rejected the § 1985(2) claim.[2]

The district court further rejected Nealy's request that a default judgment be entered against Hamilton on the basis that no proper service had been made upon Hamilton. Appellant shows no reason to overrule that determination.

### B. Violation of the Attorney–Client Privilege

Nealy's damage claim based on defendants' alleged violation of the attorney-client privilege similarly fails to state a claim for relief under § 1985(2), or any other statute. The district court dispensed with this claim, noting, "[r]esearch of the issue by the Court fails to reveal the existence of any private cause of action for damages available to Plaintiff for the Defendants' alleged breach of the attorney-client privilege." This court's research likewise unearthed no case supporting Nea-

---

**2.** At oral argument, Nealy referred the court to *McCord v. Bailey,* 636 F.2d 606 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). *McCord,* however, does not support Nealy's argument. The plaintiff in that case claimed that defense counsel prevented

him from testifying before the grand jury through force and intimidation. The *McCord* court's decision upholding that claim of force and intimidation has no bearing on Nealy's perjury claim before this court.

ly's position.[3] Consequently, we affirm the district court's dismissal of Nealy's action.

AFFIRMED.

---

**3.** Indeed the only case located which discussed, in dicta, the probable success of an action for damages arising out of defendant's breach of the attorney-client privilege concluded that such a claim "does not look particularly promising." *See Flynn v. Dyzwilewski,* 644 F.Supp. 769, 774 n. 2 (N.D.Ill.1986).