**Ronica RYAN, Plaintiff,**

v.

**JOSEPH'S BI–RITE MARKET, a California corporation, Nasan Toby, Mo Majaro, et al., Defendants.**

**No. CV F–87–359 EDP.**

United States District Court, E.D. California.

July 5, 1988.

Jeannette Torrel Maginnis, Maginnis & Maginnis, Los Angeles, Cal., for plaintiff.

Paul R. Hager, Sandell, Young & St. Louis, Fresno, Cal., for defendants.

**MEMORANDUM DECISION RE:
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

PRICE, District Judge.

Plaintiff sued the defendants under Title VII, alleging in counts I and II that the defendants sexually harassed and constructively discharged her. Pendent state claims are contained in the remaining counts of the complaint.

Plaintiff filed charges of discrimination with the Bakersfield Office of the California Department of Fair Employment and Housing (DFEH) and the Equal Employment Opportunity Commission (EEOC) on June 25, 1985. At that time, her address was Post Office Box 586, Lone Pine, California. Thereafter, she left Lone Pine and moved to Fontana, California. According to her declaration, she spoke with a Mr. De La O at the Bakersfield Office of the DFEH. Although her declaration is not entirely clear on this point, she told Mr. De La O that she was living in Fontana. The record is equally unclear as to whether this information was entered in the file. The

right-to-sue letter of October 25, 1985, however, was addressed to plaintiff in Fontana. There is no evidence in the file, however, that it was mailed.

She states that she further indicated her change of address from Lone Pine to Fontana by leaving a change of address with the Post Office in Lone Pine. When she moved from Fontana to Arleta, California, she left a change of address with the Post Office in Fontana. In addition, she informed Mr. Laning, her Fontana employer, of her new address in Arleta. She admits she received a "request to discontinue information" from the DFEH, which she signed on September 18, 1985, and mailed the same to the DFEH with her correct return address on the envelope.

From the record in the case, Ms. Ryan admits that she received a copy of a letter informing her of her responsibility to notify them of any change of address.

A search of the file indicates a copy of a notice of a right-to-sue letter was issued by the EEOC on or about January 4, 1987, addressed to plaintiff at the Fontana address. However, the file does not indicate whether the right-to-sue letter was ever sent. Further, the file contains no envelope indicating that it had been mailed and returned. Neither does the file indicate that it was sent registered mail, return receipt requested. The plaintiff maintains that she never received a copy of the right-to-sue letter mailed on January 4, 1987. In May of 1987, her attorneys contacted the EEOC in Los Angeles, California requesting information on the case. The EEOC promptly forwarded a right-to-sue letter to the present attorneys for the plaintiff and they filed a suit within ninety (90) days of the receipt thereof.

■ Counsel for the defendants ask us to construe the various declarations of the employees of the Department of Fair Employment and Housing in such a way as to block the plaintiff's action. The Court declines to do so.

The Court's research indicates that the Ninth Circuit has never dealt with the problem the Court is faced with here. The Seventh Circuit has developed the following approach to the problem outlined in *Trinkle v. Bell Litho, Inc.*, 627 F.Supp. 764, 765 (N.D.Ill.1986):

The Seventh Circuit has developed a three-pronged approach to the issue. In cases where the right-to-sue letter is mailed to plaintiff's residence but received by someone other than the plaintiff, the 90 days commences on the date the claimant 'actually receives' the letter. *Archie v. Chicago Truck Drivers, etc.*, 585 F.2d 210, 216 (7th Cir.1978) (letter received by plaintiff's wife, who didn't give it to plaintiff for nine days); *Killingham v. Board of Governors of State Colleges and Universities*, 549 F.Supp. 225 (N.D.Ill.1982). In cases where the right-to-sue letter is sent to plaintiff's attorney, the 90–day period begins to run when the attorney actually receives the notice. *Jones*, 744 F.2d [1309] at 1312 [ (7th Cir.1984) ]. In cases where the claimant does not receive a right-to-sue letter for some other reason, a "fault" approach is used:

This approach essentially involves looking at whether the delay in bringing suit was the "fault" of the claimant ... [T]his approach requires determining the issue on the case-by-case basis.

*Jones*, 744 F.2d at 1313 and n. 6. The court used this approach in *St. Louis v. Alverno College*, 744 F.2d 1314 (7th Cir. 1984), where the claimant did not receive his right-to-sue letter because he failed to notify the EEOC of his current address. The court found that the claimant could and should have supplied the EEOC with the information; the fact that he never received the letter was therefore his fault.

In the instant case, the record before the Court indicates the following: The plaintiff did not always directly notify EEOC of her change of her address, but rather, notified the postal authorities to enable her to receive missent letters. There is no evidence in the file that a 90–day right-to-sue letter was ever sent by EEOC to the plaintiff at any of the addresses she occupied. The only right-to-sue letter that was received

by the plaintiff, or anyone acting on her behalf, was the letter sent to her attorneys, and suit was filed within ninety (90) days thereof.

Defendants would also have the Court bar the plaintiff's action on the equitable ground of laches. Laches is not applicable here because the delay was not the result of deliberate delay by the plaintiff, but rather the result of her trusting the several bureaucracies to send her a right-to-sue letter.

For all of the foregoing reasons, the defendants' motion for summary judgment is denied.