991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Warren KENNEDY, Plaintiff/Appellant,
v.
STEEL WAREHOUSE COMPANY, INC. Defendant/Appellee.
 No. 92-1615.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided April 21, 1993.
Rehearing Denied June 17, 1993.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 88-C-162, Robert L. Miller, Jr. Judge.
 N.D.Ind., 1991 W1 345480.
 AFFIRMED.
 POSNER and KANNE, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 The district court dismissed Warren Kennedy's discrimination suit because he failed to file it within a ninety-day deadline. We agree that the suit was untimely and hence affirm the district court's judgment.
 
 I. BACKGROUND
 
 2
 On February 10, 1986, Kennedy was discharged by Steel Warehouse, allegedly for excessive absenteeism. Believing that the discharge was racially-motivated, Kennedy filed a charge with the Equal Employment Opportunity Commission (EEOC). On July 31, 1986, the EEOC found no cause and mailed a right to sue letter to Kennedy's address, 226 East Pennsylvania Street, South Bend Indiana. Kennedy never received the letter.
 
 
 3
 In July of 1986, Kennedy called the South Bend Human Rights Commission (SBHRC) to discuss a state discrimination charge that he had filed. Kennedy learned from the SBHRC's Executive Director, Larry Johnson, that the SBHRC had made a determination of no probable cause and that Kennedy's time for an appeal with the agency had lapsed. Johnson allegedly also told Kennedy that he had two years to file a Title VII action in federal court. Kennedy did not contact the EEOC after this conversation, and although he lost his home in September 1986 and entered jail eleven months later, he never informed the EEOC of his whereabouts[1].
 
 
 4
 On March 25, 1988, Kennedy filed a suit pursuant to 42 U.S.C. § 2000e (Title VII). The district court dismissed Kennedy's complaint because he had failed to sue within ninety days after he should have received the right to sue letter[2]. 42 U.S.C. § 2000e-5(f)(1).
 
 II. ANALYSIS
 
 5
 Title VII requires litigants to file suit in district courts within ninety days after receiving a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The ninety-day filing rule is a "condition precedent" to suit, which is similar to a statute of limitations. Perkins v. Silverstein, 939 F.2d 463, 470 (7th Cir.1991). Like a statute of limitations, the filing rule is limited by tolling and other equitable considerations. Jones v. Madison Serv. Corp., 744 F.2d 1309, 1314 (7th Cir.1984).
 
 
 6
 Equity demands "that a plaintiff should not lose the right to sue because of fortuitous circumstances or events beyond his or her control which delay [or prevent] the receipt of the EEOC's notice." St. Louis v. Alverno College, 744 F.2d 1314, 1316 (7th Cir.1984). This Circuit has applied this rule to cases where a plaintiff's wife received his right to sue letter but forgot to pass it on to the plaintiff, Archie v. Chicago Truck Drivers, etc., 585 F.2d 210, 216 (7th Cir.1978), and where a plaintiff never received her letter in the mail but contacted the EEOC as soon as she realized the problem. Trinkle v. Bell Litho, Inc., 627 F.Supp. 764, 765 (N.D.Ill.1986). In both cases, our courts have held that the ninety-day time period began running on the day the plaintiff actually received his letter.
 
 
 7
 This court applies a different rule when the plaintiff's own negligence prevents him from receiving his right to sue letter. St. Louis, 744 F.2d at 1316; see also Trinkle, 627 F.Supp. at 765 (calls this the "fault" approach). In St. Louis, for example, the plaintiff never received the letter because he failed to inform the EEOC of a change of address. St. Louis, 744 F.2d at 1316. We ruled that the "failure to tell the EEOC that he had moved was not an event beyond his control," and we refused to toll the ninety-day period. Id. at 1317.
 
 
 8
 Like the plaintiff in St. Louis, Kennedy lacked diligence. Although this court might be inclined to apply the actual receipt rule if Kennedy had contacted the EEOC sooner, see Trinkle, 627 F.Supp. at 765, we cannot excuse his two-year silence. At a minimum, Kennedy should have informed the agency about address changes, including his 1987 imprisonment. St. Louis, 744 F.2d at 1316. If he had discharged this duty, Kennedy would have learned that the letter had already been sent. Kennedy now blames his neglect on an SBHRC official, who told him that he had two years to file a federal suit. Kennedy, however, could not possibly have relied on this erroneous advice because he filed suit more than two years after his discharge from Steel Warehouse.
 
 
 9
 Since no event beyond Kennedy's control prevented him from filing a timely suit, we AFFIRM the district court's dismissal with prejudice.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Kennedy allegedly collected mail at his old address from September 1986 until his incarceration
 
 
 [2]
 Kennedy argues that this court should construe the district court's decision as a summary judgment order under Fed.R.Civ.P. 56(e). We disagree. The district court simply determined that the facts alleged in Kennedy's complaint and in his response to the motion to dismiss precluded relief. See Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir.1992) (a plaintiff may allege new facts in his response to his motion to dismiss; he may, however, plead himself out of court by alleging facts showing that he is not entitled to judgment)