**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-51162**
**Summary Calendar**

_____

**WALLACE GRAHAM,**

**Plaintiff-Appellant,**

**versus**

**WILLIAM JOHNSTON; ROBERT BLOSSMAN,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-01-CV-125)**

_____

April 30, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Wallace Graham, Texas prisoner # 766559, appeals, _pro se_, the dismissal, as frivolous, of his _pro se_, _in forma pauperis_, complaint, which asserted a state legal malpractice claim and violations of 42 U.S.C. §§ 1985(2) and 1986. Graham contends that, to induce him to testify in federal court, Appellees (a former Chief Assistant United States Attorney (AUSA) and a Special Agent for the United States Secret Service) promised him he would receive a shorter state sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even if Appellees made such a representation, that does not fall within the ambit of § 1985(2), (conspiracy, *inter alia*, to deter testimony). *See* **Nealy v. Hamilton**, 837 F.2d 210, 212 (5th Cir. 1988). Accordingly, the district court did not abuse its discretion in dismissing Graham's § 1985 claim as frivolous, pursuant to 28 U.S.C. § 1915(e). *See* **Siglar v. Hightower**, 112 F.3d 191, 193 (5th Cir. 1997).

A valid § 1985 claim is a prerequisite to one under § 1986 (liability for failure to prevent § 1985 violation). Therefore, the court did not abuse its discretion in dismissing the § 1986 claim as well. *See* **Bryan v. City of Madison**, 213 F.3d 267, 276 (5th Cir. 2000), *cert. denied*, 531 U.S. 1145 (2001).

Concerning Graham's legal malpractice claim against the former AUSA, "Texas law is clear that a legal malpractice claim requires proof of an attorney-client relationship between the plaintiff and the defendant attorney". **First Nat'l Bank of Durant v. Trans Terra Corp. Int'l**, 142 F.3d 802, 806 (5th Cir. 1998). Graham admitted the AUSA was not his attorney. Therefore, the district court did not abuse its discretion in dismissing, as frivolous, Graham's legal malpractice claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i); **McCormick v. Stalder**, 105 F.3d 1059, 1061 (5th Cir. 1997).

Finally, the district court did not abuse its discretion in dismissing without allowing Graham discovery.

**AFFIRMED**