**Otha Lee CONLEY, Appellant,**

v.

**OFFICE OF the PUBLIC DEFENDER, SIXTH JUDICIAL DISTRICT OF ARKANSAS, PULASKI AND PERRY COUNTIES, Appellee.**

**No. 81–1072.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 16, 1981.

Decided July 21, 1981.

Otha Lee Conley, appellant pro se.

Wilbur C. Bentley, Pros. Atty. and Hugh L. Brown, Deputy Pros. Atty., Little Rock, Ark., for Office of the Public Defender, appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and STEPHENSON, Circuit Judge.

PER CURIAM.

Otha Lee Conley appeals from the district court's[1] order of December 31, 1980, dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. Conley, an inmate at the Arkansas Department of Corrections, alleged in his complaint that: (1) on September 4, 1978, William R. Simpson, a Deputy Public Defender for the Sixth Judicial District of Arkansas, was requested to witness

a (police) lineup in which Conley, an indigent person, appeared; (2) the lineup was clearly suggestive and Simpson did nothing to ensure its fairness; (3) Conley was picked by the rape victim as her assailant; (4) Simpson subsequently appeared at plea and arraignment proceedings with Conley but Conley retained other legal counsel for the trial of the case; (5) at trial, Conley challenged the fairness of the September 4 lineup but Simpson testified for the State that the procedures of the lineup were consistent with procedures followed in other lineups; (6) Simpson gave false testimony in a conspiracy to convict appellant Conley of rape. The district court dismissed Conley's complaint. We affirm.

The district court correctly dismissed the petition on the basis of witness immunity. Witnesses are absolutely immune from section 1983 remedy actions arising from their testimony in judicial proceedings. *Myers v. Bull*, 599 F.2d 863, 866 (8th Cir.), *cert. denied*, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979). Furthermore, the office of the Public Defender for the Sixth Judicial District of Arkansas cannot be liable for the actions of its employees without a showing of direct responsibility. *See Rizzo v. Goode*, 423 U.S. 362, 375–376, 96 S.Ct. 598, 606–607, 46 L.Ed.2d 561 (1976). Conley's allegations should be raised in a habeas corpus proceeding in the state courts of Arkansas. Section 1983 does not afford him a remedy.

The district court's dismissal is affirmed.

---

1. The Honorable William Overton, United States District Judge, Eastern District of Arkansas.