**Chauncey Marvin HOLT,**
**Plaintiff-Appellant,**

v.

**Richard Modesto CASTANEDA,**
**Defendant-Appellee.**

**No. 87–5621.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 1987 *.

Decided Nov. 6, 1987.

Chauncey Marvin Holt, pro se.

Bernard Richard Deetman, San Diego, Cal., for defendant-appellee Richard Modesto Castaneda.

Before GOODWIN, ALARCON and LEAVY, Circuit Judges.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

ALARCON, Circuit Judge:

■■■ The question presented in this case is whether a police officer who gives perjurious testimony during adversarial pretrial proceedings in a criminal matter is entitled to absolute witness immunity from liability for damages flowing from his testimony. Our reading of *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) compels us to conclude that a person may not maintain an action for damages under 42 U.S.C. § 1983 (1982) against a police officer who gives perjurious testimony during pretrial proceedings in a criminal case. Accordingly, we affirm the district court's dismissal of plaintiff's complaint in this case.

### I.

Plaintiff-appellant Chauncey Marvin Holt (Holt) appeals from an order dismissing his First Amended Complaint (complaint) with prejudice. Holt's pro se complaint sought damages under 42 U.S.C. § 1983 (1982) for violation of his federal constitutional rights as the result of perjurious testimony given by defendant-appellee Richard Modesto Castaneda (Castaneda) at pretrial proceedings in a criminal prosecution brought against Holt. Specifically, the complaint alleges that Castaneda gave perjurious testimony during a preliminary examination and a hearing on a motion to quash search warrants in the Municipal Court of the North County Judicial District of the County of San Diego, California and in the San Diego Superior Court at a consolidated hearing of Holt's motions to suppress evidence, to quash search warrants, to set aside the information, and to dismiss for unreasonable delay.

Castaneda moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), claiming absolute immunity. The district court granted Castaneda's motion and dismissed the complaint with prejudice. On appeal, Holt contends that the district court erred in dismissing his complaint because absolute immunity is not accorded police officers who commit perjury in *pretrial* proceedings.

### II.

An order dismissing a complaint with prejudice is final and appealable. *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119 (9th Cir.1980). We have jurisdiction over Holt's timely appeal under 28 U.S.C. § 1291 (1982).

### III.

"A decision to dismiss a complaint for failure to state a claim upon which relief can be granted is reviewable de novo." *Preferred Communications, Inc. v. City of Los Angeles*, 754 F.2d 1396, 1399 (9th Cir.1985), *aff'd*, 476 U.S. 488, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986). The issue of immunity is a question of law and is also reviewable de novo. *See Crooks v. Maynard*, 820 F.2d 329, 331 (9th Cir.1987), *cert. granted* —— U.S. ——, 108 S.Ct. 744, —— L.Ed.2d —— (judicial immunity).

We will uphold an order dismissing a pro se complaint for failure to state a claim under 42 U.S.C. § 1983 (1982) only if, construing the complaint liberally, it is beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 648–49 (9th Cir.1984).

### IV.

The starting point for our analysis is the Supreme Court's opinion in *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). The Court there held that a convicted defendant could not state a claim for damages under 42 U.S.C. § 1983 (1982) against a police officer who had allegedly given perjurious testimony during the trial on the issue of guilt. The Court based its ruling on the absolute immunity accorded at common law to witnesses in judicial proceedings. Section 1983, the Court explained, did not abrogate common law immunity. Moreover, "the common law provided absolute immunity from subsequent damages liability for all persons—

governmental or otherwise—who were integral parts of the judicial process." 460 U.S. at 335, 103 S.Ct. at 1115–16. Accordingly, police officer witnesses enjoy the same absolute immunity from liability under section 1983 that private witnesses enjoy.

The matter before this court concerns a police officer who allegedly gave perjurious testimony during *pretrial* proceedings. We see no principled basis for distinguishing between the pretrial proceedings and the trial on the merits in determining whether absolute immunity should be granted to a police officer witness. Immunity analysis rests on "functional categories." *Id.* at 342, 103 S.Ct at 1119. The functions of a witness are identical at an adversarial pretrial hearing and at the trial on the merits. In both types of proceedings, the witness assists the trier of fact in ascertaining the truth. In adversarial pretrial proceedings, as in trials, the witness testifies in court, under oath, under the supervision of the presiding judge and is subject to criminal prosecution for perjury. Moreover, in adversarial pretrial matters, the witness is available for cross-examination. The existence of these checks "undermines the argument that the imposition of civil liability is the only way to prevent a witness from inflicting constitutional injury through false testimony." *Briggs v. Goodwin,* 569 F.2d 10, 54 (D.C.Cir.1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978), *modified on reh'g,* 712 F.2d 1444 (D.C.Cir.1983), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984) (Wilkey, J., dissenting).

The rationale for according absolute immunity to a witness against a claim based on court testimony applies with equal force in both trial and pretrial settings. Whether testifying at trial or in a pretrial proceeding, a witness who knows he may be subjected to costly and time-consuming civil litigation for offering testimony that he is unable to substantiate may consciously or otherwise shade his testimony in such a way as to limit potential liability. As a result, "the paths which lead to the ascertainment of truth" may be obstructed. *See Briscoe,* 460 U.S. at 333–34 & n. 13, 103

S.Ct. at 1114–15 & n. 13 (quoting *Calkins v. Sumner,* 13 Wis. 193, 197 (1860)).

We are fortified in our conclusion that we should not attempt to distinguish trial from pretrial testimony, for the purpose of according absolute witness immunity, by the apparent absence of any such distinction at common law. The *Briscoe* Court itself noted that common law witness immunity protected all persons "from subsequent damages liability for their testimony *in judicial proceedings.*" 460 U.S. at 330–31, 103 S.Ct. at 1113 (footnote omitted; emphasis added). Other courts, including this one, had earlier reached the same conclusion. *See, e.g., Charles v. Wade,* 665 F.2d 661, 666 (5th Cir.1982), *cert. denied,* 460 U.S. 1036, 103 S.Ct. 1426, 75 L.Ed.2d 787 (1983) ("It is clear that at common law a witness was absolutely protected from any suit arising from his testimony in a judicial proceeding, ... even if his testimony was perjured and malicious."); *Briscoe v. LaHue,* 663 F.2d 713, 718 (7th Cir.1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ("Under the English common law, witnesses have long enjoyed absolute immunity from civil liability arising from their testimony."); *Conley v. Office of the Public Defender,* 653 F.2d 1241, 1242 (8th Cir.1981) ("Witnesses are absolutely immune from section 1983 remedy actions arising from their testimony in judicial proceedings."); *Blevins v. Ford,* 572 F.2d 1336, 1338 (9th Cir.1978) ("[T]hose who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based on their words, whether perjurious or not."); *Briggs,* 569 F.2d at 51 (Wilkey, J., dissenting) (the common law rule of absolute immunity "means that a witness in judicial proceedings cannot be held liable in civil damages for injury that ensues from any relevant testimony").

We also note that many courts, including the Supreme Court itself, have understood *Briscoe* to apply beyond the narrow confines of criminal trials to judicial proceedings generally. *See, e.g., Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985) (citing *Briscoe* for the proposition that "witnesses, including po-

lice officers, who testify in judicial proceedings" enjoy absolute immunity, because they are integral parts of the judicial process); *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 97, 98 L.Ed.2d 58 ("the immunity [discussed in *Briscoe* ] extends beyond oral testimony"; it covers "reports and recommendations to the family court"); *Tripati v. INS*, 784 F.2d 345, 348 (10th Cir. 1986) (citing *Briscoe* in holding that federal probation officers were absolutely immune from liability for damages stemming from allegedly false statements in a pretrial bond report and in a presentence report); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985) (citing *Briscoe* in holding that witnesses who testified before grand jury were absolutely immune from civil liability under section 1983 based on their testimony, even if knowingly perjurious); *San Filippo v. U.S. Trust Co.*, 737 F.2d 246, 254 (2d Cir.1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985) (dictum) (stating that "it must follow" from *Briscoe* that grand jury witnesses are protected by the same absolute immunity that is enjoyed by witnesses at trial); *Flynn v. Dyzwilewski*, 644 F.Supp. 769, 773–74 (N.D.Ill.1986) (citing *Cleavinger* and *Briscoe* in holding that attorney was absolutely immune from damages based on his testimony at hearing on inmate's motion to vacate sentence); *Buchanan v. Ford*, 638 F.Supp. 168, 171 (N.D.N.Y.1986) (citing *Briscoe* in holding that social worker was absolutely immune from liability based on false testimony at family court preliminary proceeding). This court has given *Briscoe* a similarly expansive reading. *See Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154, 1156 (9th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 98, 98 L.Ed.2d 59 (citing *Briscoe* in holding that social worker was absolutely immune from liability for testimony at child dependency proceedings and a custody hearing).

Of particular interest is *Briggs v. Goodwin*, 712 F.2d 1444 (D.C.Cir.1983), *cert. denied*, 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984), in which the D.C. Circuit read *Briscoe* to apply to "any judicial proceeding where the testimony of witnesses might be affected by the lack of immunity":

> The fact that *Briscoe* involved statements at a trial whereas this case involves statements at a hearing on a motion during the grand jury phase of an investigation is not a distinction that allows a different result. *Briscoe* emphasized the concern that the absence of immunity would interfere with the ability of "judicial proceedings" "to determine where the truth lies." That concern applies not only to trials, but to any judicial proceeding where the testimony of witnesses might be affected by the lack of immunity. Thus, the rationale of *Briscoe* applies with equal force whenever a witness testifies in a judicial proceeding the function of which is to ascertain factual information.

*Id.* at 1448–49 (footnotes omitted).

Appellant asserts that the *Briscoe* Court expressly reserved the question of immunity for witnesses in pretrial proceedings and that the outcome in this case, therefore, is not controlled by *Briscoe*. Appellant bases his assertion on the following footnote in the Court's opinion:

> The petition [for writ of certiorari] does not raise the question of immunity for testimony at pretrial proceedings such as probable-cause hearings, nor does petitioners' brief discuss whether the same immunity considerations that apply to trial testimony also apply to testimony at probable-cause hearings. We therefore do not decide whether respondent LaHue is entitled to absolute immunity for allegedly false testimony at two probable-cause hearings regarding petitioner Briscoe.

460 U.S. at 329 n. 5, 103 S.Ct. at 1112 n. 5.

We read the Supreme Court's language as reserving the question of immunity for witnesses at probable-cause hearings in particular, rather than at all pretrial proceedings in general. It is understandable that the Court would defer decision on immunity for witnesses at probable-cause hearings. As Justice Marshall observed in dissent, "the policy considerations applicable to testimony at a probable-cause hear-

ing differ substantially from those relevant to testimony at a trial. For instance, the absence of cross-examination at probable-cause hearings increases the risk that false testimony will go undetected." 460 U.S. at 352 n. 10, 103 S.Ct. at 1124 n. 10 (Marshall, J., dissenting). Indeed, one court, citing Justice Marshall's observations, has already refused to extend the *Briscoe* holding to immunize witnesses who give perjurious testimony at probable-cause hearings. *See Wheeler v. Cosden Oil and Chemical Co.*, 734 F.2d 254, 261, *modified,* 744 F.2d 1131 (5th Cir.1984).

In contrast, as discussed above, the policy considerations applicable to adversarial pretrial proceedings, such as those held in this case, are identical to the policy considerations relevant to testimony at a trial on the merits. In both settings, the risk that false testimony will go undetected is minimized by submitting the testimony to "the crucible of the judicial process so that the factfinder may consider it, after cross-examination, together with the other evidence in the case to determine where the truth lies." *Imbler v. Pachtman*, 424 U.S. 409, 440, 96 S.Ct. 984, 999, 47 L.Ed.2d 128 (1976) (White, J., concurring in judgment), *quoted in Briscoe*, 460 U.S. at 334, 103 S.Ct. at 1115. In adversarial pretrial proceedings as well as at trial, absolute witness immunity is essential if the truth-seeking function of the proceeding is to be fully served.

█ Even if we assume that Holt is correct in his assertion that the Court reserved the question of immunity for witnesses at all pretrial proceedings, we must address that issue in this matter. For the reasons discussed above, we hold that witnesses who testify in court at adversarial pretrial hearings are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony. The district court's judgment of dismissal, therefore, is AFFIRMED.