892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lincoln Lane ADDLEMAN, Jr., Plaintiff-Appellant,
v.
Chief Justice DOLLIVER, Washington State Supreme Court;
Paul J. Wasson; Kenneth Helm; George H. Revelle;
Howard K. Todd; Robert S. Lasnik;
Ronald Kessler; John
Muenster,
Defendants-
Appellees.
 No. 88-3772.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1989.*
Decided Nov. 30, 1989.
 
 Before JAMES R. BROWNING, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMEMORANUM**
 
 
 2
 Plaintiff Lincoln Addleman appeals from the district court's dismissal of his 42 U.S.C. §§ 1983 and 1985 actions for failure to state a claim. Addleman alleges in his civil rights complaint that a justice of the Washington State Supreme Court, a superior court judge, two prosecuting attorneys, and two court clerks violated his constitutional rights by violating his plea bargain agreement, conspiring to lose his motion to vacate judgment, and imposing unreasonable barriers to his appeal.[1]
 
 
 3
 Appellees contend that Addleman's appeal lacks jurisdiction because Addleman filed his notice of appeal more than 30 days after entry of the district court's final order of dismissal. Addleman asserts that his appeal was timely filed under rule 4(a)(1) because it was stamped received by the clerk of the court of appeals before March 23, 1988.
 
 
 4
 A notice of appeal "shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from.... If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted." Fed.R.App.P. 4(a)(1).
 
 
 5
 On February 22, 1988, the district court entered an order dismissing the action in its entirety.[2] The notice of appeal was filed by the district court clerk on March 25, 1988, and stamped received by the clerk of the United States Court of Appeals on March 16, 1988. Under rule 4(a)(1) Addleman's appeal of the district court order is deemed timely filed on March 16, 1988, the date received by the clerk of the court of appeals.
 
 
 6
 Appellees also contend that several of Addleman's claims are barred by the applicable statute of limitations. Although the district court properly held that a 3-year statute of limitations applied to Addleman's claims against defendants Revelle, Helm, and Todd, the statute does not bar these claims; it is tolled because of Addleman's imprisonment. See Wash.Rev.Code § 4.16.190 (1988); Hardin v. Straub, 109 S.Ct. 1998, 2001 n. 8, 2003 (1989). The immunity claims of Revelle, Helm, and Todd are questions of law and reviewable de novo along with the immunity claims of defendants Dolliver, Wasson, and Lasnik despite the district court's reliance on the statute of limitations. See Holt v. Castaneda, 832 F.2d 123, 124 (9th Cir.1987), cert. denied, 108 S.Ct. 1275 (1988).
 
 
 7
 Because Addleman is a pro se litigant, his complaint must be interpreted liberally. Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir.1988), vacated and remanded on other grounds, 58 U.S.L.W. 3212 (Oct. 3, 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir.1985). His uncontroverted factual allegations must be afforded the presumption of truth, and to the extent his complaint is deficient, he should be given the opportunity to amend his complaint unless it is clear that such amendment would not cure his pleading defects. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.1988); Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).
 
 
 8
 Yet even assuming that Addleman's allegations are true, they are not sufficient to abrogate defendants' immunity from suit. As judicial officers, defendants Dolliver and Revelle are absolutely immune from liability for damages under 42 U.S.C. § 1983 for "truly judicial" acts. See Forrester v. White, 108 S.Ct. 538, 543-44 (1988); Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986), cert. denied, 109 S.Ct. 33 (1988). Addleman's allegations against Justice Dolliver stem from his denial of Addleman's Motion for Expenditure of Public Funds to appoint counsel; his allegations against Revelle arise from Revelle's denial of Addleman's 60(b) motion and from Revelle's choice of appointed counsel for Addleman. Because these are "paradigmatic judicial acts," Forrester, 108 S.Ct. at 544, Dolliver and Revelle are immune from suit under section 1983.
 
 
 9
 Similarly, defendants Wasson and Helm, as court clerks, "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir.1987) (Bivens actions), cert. denied, 108 S.Ct. 2031 (1988); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir.1979) (§ 1983 case), cert. denied, 445 U.S. 962 (1980). Addleman's complaint alleges that Clerk Helm lost or allowed to be stolen Addleman's motion to vacate judgment and that Clerk Wasson refused to accept a $100 filing fee in monthly $5.00 increments. Because the administrative acts of handling documents and collecting fees are integral to the judicial process, Wasson and Helm are immune from suit.
 
 
 10
 Prosecutors are also entitled to absolute immunity from civil rights damages actions. "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.' " Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (quoting Imbler v. Pachtman, 424 U.S. 409, 427 (1976)). Addleman alleges that defendant Lasnik violated a plea bargain agreement by submitting an amicus brief and making certain statements in oral argument before the state supreme court. He also alleges Lasnik conspired with a superior court judge to predetermine Addleman's case. Similarly, Addleman alleges that defendant Todd conspired to frustrate Addleman's attempts to submit a motion to vacate his judgment. None of these allegations is sufficient to overcome the doctrine of prosecutorial immunity. See, e.g., id. at 1078 (allegations that a judge and prosecutor conspired to produce a certain decision do not pierce the actors' immunity); Miller v. Barilla, 549 F.2d 648, 649 (9th Cir.1977) (same, with respect to alleged violation of a plea agreement), overruled on other grounds, 700 F.2d 556, 559 (9th Cir.1983); see also Gobel v. Maricopa County, 867 F.2d 1201, 1203 (9th Cir.1989) ("[A]bsolute immunity is warranted when the prosecutor acts as an advocate in initiating a prosecution and presenting the state's case.").
 
 
 11
 Because all defendants in this action are protected by doctrines of immunity, it is unnecessary for us to consider the merits of Addleman's section 1985 claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Based on the agreement of the parties, we entered an order on August 8, 1989, dismissing Addleman's appeal as to defendants Kessler and Muenster, two public defenders assigned to Addleman's case
 
 
 [2]
 The district court had previously entered orders of dismissal of defendants Revelle, Helm, Todd, and Lasnik, and of defendants Dolliver and Wasson on November 19, 1987. Addleman filed a notice of appeal on December 22, 1987, from that judgment. This court entered an order on March 21, 1988, dismissing that appeal for failure to prosecute pursuant to Circuit Rule 42-1. On the court's own motion, this dismissal was vacated on September 18, 1989, and Addleman's appeals were consolidated. Addleman's appeal from the dismissal of defendants Revelle, Helm, Todd, Lasnik, Dolliver, and Wasson is thus properly before this court