962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Glen MATTSON, Plaintiff-Appellant,
v.
Violet Lenore HEALEY; J.J. Kellum, Defendants-Appellees.
 No. 89-35589.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1992.*
Decided April 30, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This controversy began on September 26, 1983, when the Washington State Department of Social and Health Services (DSHS) placed Ms. J.J. Kellum, a live-in chore worker, with plaintiff Ronald Mattson's handicapped mother, Pauline Mattson. Defendant Violet Healey is Kellum's mother.
 
 
 3
 One day, Mattson threatened and assaulted Kellum at his mother's home. Kellum signed a statement attesting to the assault, seeking prosecution of Mattson. Apparently, either Kellum or Healey--who was also present during this incident--had a silver ingot owned by Mattson that was also the subject of a dispute. After a trial in state court, Mattson was convicted of second-degree assault of Kellum and was sentenced to a maximum of ten years.
 
 
 4
 Mattson's first complaint was for Constitutional violations including malicious prosecution, false arrest, false imprisonment, abuse of process, conspiracy, and slander. In this complaint he sued DSHS; Western State Hospital (WSH); John D. Miller (an employee of DSHS); five unnamed WSH employees; the Mason County Prosecutor; the Sheriff; the Sheriff's department; Superior Court and unnamed Mason County employees; Richard Adamson; his court-appointed attorney; and J.J. Kellum and Violet Healey. In a second complaint, again naming as defendants most of the above parties, Mattson claimed his Constitutional rights were violated because of the temporary loss of a silver ingot, and other personal items. These two complaints were consolidated by the district court.
 
 
 5
 The district court dismissed the actions against most of the defendants, and on December 12, 1986, it entered final judgment against all defendants except Kellum and Healey. We upheld this ruling in Mattson v. Miller, No. 87-3545, memorandum disposition (9th Cir. Nov. 3, 1987) (Goodwin, Alarcon, and Leavy, CJJ). On August 8, 1989 the district court dismissed Mattson's claim against the remaining two defendants for failure to state a cause of action. Mattson appeals that dismissal.[1]
 
 II
 
 6
 * Mattson tries to relitigate claims against defendants other than Kellum and Healey. We have already affirmed the district court's dismissal of all claims against those defendants. Id.
 
 B
 
 7
 Mattson argues the district court order under Fed.R.Civ.P. 54(b) was not a final judgement that was appealable to the Ninth Circuit. This issue was explicitly dealt with by the first panel assigned to this case, and was found to be meritless. Id. at 5.
 
 C
 
 8
 Mattson complains the procedure by which the district court adopted the report and recommendation of the Magistrate was faulty. We find the Magistrate's report to be legally correct and find Mattson's claim meritless. The fact that Mattson submitted documents after the Magistrate's Report was filed, but before the district court adopted that report, is irrelevant. There is no evidence that the district court did not fully consider those documents before adopting the Magistrate's report. Moreover, a review of those documents reveals they are irrelevant to the analysis in the Magistrate's report.
 
 D
 
 9
 Mattson makes two substantive claims against the appellees. First, the defendants wrongfully deprived him of private property, and second, the defendants testified falsely against him in his trial for the assault of Kellum. In an attempt to use 42 U.S.C. § 1983 (1988), Mattson claims Healey and Kellum conspired with state officials in these acts. After a review of the record and the affidavits submitted by Mattson, the district court dismissed the action for failure to state a cause of action.
 
 
 10
 We review summary judgment de novo. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988). A "party opposing summary judgment may not rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial." Id. Mattson's allegations are wholly conclusory and fail to satisfy this criterion. However, even if his claims were more than conclusory, we would still have no choice but to affirm the district court.
 
 
 11
 Mattson's deprivation of property claim is not cognizable under 42 U.S.C. § 1983 because Washington state tort law provides an adequate remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986) and Davidson v. Cannon, 474 U.S. 344 (1986).
 
 
 12
 Secondly, as the Magistrate quoted in his report,
 
 
 13
 For reasons of public policy, those who testify in the course of judicial proceedings have long enjoyed absolute immunity from civil suits based on their words, whether perjurious or not.
 
 
 14
 Blevin v. Ford, 572 F.2d 1336, 1338 (9th Cir.1987); see also Briscoe v. LaHue, 460 U.S. 325 (1983) (recognizing immunity for private and state witnesses from 42 U.S.C. § 1983 liability); Holt v. Castaneda, 832 F.2d 123, 125 (9th Cir.1987). Therefore, Mattson's second claim has no merit.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mattson is proceeding pro se. Appointment of counsel was denied by Judges Beezer and Wiggins on Oct. 11, 1991