1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Merwin Michael HILL, Plaintiff-Appellant,
v.
Charles PYEATTE, Deputy County Attorney; Bernie Hill,
Detective, Scottsdale Police Department,
Defendants-Appellees.
 No. 93-15603.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 3, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merwin Hill, an Arizona state prisoner, appeals pro se the district court's dismissal prior to service of process of his 42 U.S.C. Sec. 1983 action against the defendants. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 A sua sponte dismissal of an in forma pauperis complaint before issuance and service of process upon the defendants is construed as a dismissal as frivolous under 28 U.S.C. Sec. 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). The prosecutor, in initiating and presenting the state's case, is immune from civil suits for money damages under Sec. 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Conspiracy allegations will not pierce a prosecutor's absolute immunity. See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). Similarly, witnesses who testify in the course of judicial proceedings enjoy absolutely immunity from civil rights suits based upon their testimony, even if the testimony was perjured. Holt v. Castaneda, 832 F.2d 123, 125-26 (9th Cir.1987); Blevins v. Ford, 572 F.2d 1336, 1338 (9th Cir.1978).
 
 
 4
 Here, appellant filed a Sec. 1983 civil rights complaint alleging prosecutorial misconduct during grand jury proceedings. Named as defendants were Bernie Hill, a detective, and Charles Pyeatte, a prosecutor. Appellant contends that during the proceedings, the prosecutor deceived the grand jury and collaborated with the witness in violation of appellant's due process and equal protection rights. The district court dismissed the action because the prosecutor was absolutely immune from suit, and on the alternate ground that appellant had another action pending in the district court alleging the same claims against the detective.
 
 
 5
 We agree with the district court's order of dismissal. The prosecutor, in initiating and presenting the state's case, is absolutely immune from suits for money damages under section 1983. See Imbler, 424 U.S. at 431. Further, appellant's conclusory allegations of a conspiracy between the prosecutor and the detective-witness do not pierce the prosecutor's absolute immunity. See Ashelman, 793 F.2d at 1078; see also Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (vague and conclusory allegations of official participation in civil rights conspiracy will not withstand a motion to dismiss). Similarly, detective Hill is entitled to absolute immunity from civil rights suits based upon his testimony during the grand jury proceedings. See Holt, 832 F.2d at 125; Blevins, 572 F.2d at 1338. Accordingly, the district court did not abuse its discretion by dismissing this action as frivolous. See Neitzke, 490 U.S. at 324.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3