5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frankie Lee BAKER, Plaintiff/Appellant,
v.
Reed FULLER, et al., Defendants/Appellees.
 No. 92-15299.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1993.*
Decided Aug. 17, 1993.
 
 1
 Appeal from the United States District Court for the District of Arizona, No. CV-91-00068 TUC ACM; Alfredo C. Marquez, Senior District Judge Presiding.
 
 
 2
 D.Ariz.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: NORRIS and RYMER, Circuit Judges, and TAYLOR**, District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Frankie Lee Baker appeals the district court's grant of summary judgment concerning a Civil Rights claim of arrest without probable cause. We affirm. Appellees had sufficient probable cause before arresting appellant, and appellees are immune from civil liability for testimony given in the criminal proceedings. Appellant failed to file his state claims within the applicable one-year statute of limitations. Finally, the Court did not abuse its discretion in denying appellant further time to conduct discovery, or court-appointed counsel.
 
 
 7
 A. Appellant's Federal Civil Rights Claims.
 
 
 8
 Appellant argues the federal claims were improperly dismissed on summary judgment because the district court erred in: (1) making the judgment of probable cause based only on one officer's affidavit, without consulting other evidence; and (2) dismissing the claim that one of the officers committed perjury before a grand jury concerning the background of appellant's arrest. A grant of summary judgment and its determinations of state or federal law are reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 9
 1. The Lack of Probable Cause Claim.
 
 
 10
 In the district court, appellant argued he was arrested without probable cause. "Probable cause exists where 'the facts and circumstances within ... [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 1310-11, 93 L.Ed. 1879 (1949). "Probable cause does not require overwhelmingly convincing evidence, but only 'reasonably trustworthy information.' " Marx v. Gumbinner, 905 F.2d 1503, 1506 (11th Cir.1988) (citing Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)).
 
 
 11
 The affidavits submitted with defendants' Motion for Summary Judgment establish the existence of probable cause for appellant's arrest. They show that, on June 9, 1989, defendant Reed received information from a "reliable confidential informant" that three males were driving a blue, four-door vehicle bearing license plate VXD 303, and that two of the three men had gotten checks and receipts out of a First Interstate Bank garbage can, and were going to attempt to fraudulently cash a check to get narcotics money. After following a vehicle matching that description to the First Interstate Bank at 145 E. 22nd Street in Tucson, Officer Reed and the other defendants witnessed appellant pass a check to the bank teller and cash it. The officers confirmed with the bank manager that a false check had been passed. The manager confirmed the existence of the forged check, noting that the account number did not match the name on the check. The officers followed the suspects out of the bank, and, after following the suspects' car, the officers witnessed its evasive driving. They finally pulled the car over, and discovered $217 in the car. Thus, the officers were present when the crime was committed, and had ample probable cause for arrest.
 
 
 12
 Appellant argues that the informant has never been identified and never testified directly. However, because the officers were able to locate the suspects before the check forgery occurred, witness the offense, and then confirm the offense with the bank manager, the informant's initial tip became irrelevant to provide probable cause. Rather, the officer's personal observations were a sufficient basis on which to conclude probable cause existed to arrest the defendant. See United States v. Reyes, 792 F.2d 536, 539 (5th Cir.), cert. denied, 479 U.S. 855 (1986) ("An informant's tip can be confirmed by independent police work which corroborates the information received.").
 
 
 13
 Additionally, exigent circumstances compelled the immediate arrest of the suspects without a warrant because the suspects left the bank in an automobile and could have eliminated the money evidence before a warrant could issue.
 
 
 14
 Appellant argues that the district court failed to give any credence to his declaration that the officers lied in their arrest reports and affidavits concerning the background of his arrest. This claim is deficient, however, because appellant presented no evidence in his declarations to the district court or in his briefs to this Court that the officers lied in their affidavits. For example, he only states in conclusory terms that "Appellant avers that the claims against the Defendants have merits in fact and law." The only evidence before this Court is that defendants had sufficient probable cause to justify a reasonable belief that appellant had committed a crime. Accordingly, the finding by the district court of probable cause was proper, and the officer-defendants were properly dismissed from the federal claims.
 
 
 15
 2. The False Testimony Claim.
 
 
 16
 Appellant also argues that the district court failed to consider his claim that one of the arresting officers testified falsely before a grand jury that all three of the arrestees gave statements admitting to the crimes. This claim by appellant is defective in several respects. He failed to identify the officer to the trial court so that Respondents could respond to the allegation. On appeal, he now asserts Officer Reed gave the false testimony. But, the only evidence in the record on this issue is Officer Reed's testimony under oath that one of the arrestees admitted committing a crime.
 
 
 17
 However, this Court does not reach the merits of this issue. Respondents are protected by absolute immunity for testimony offered during a criminal trial. This immunity extends to testimony given before a grand jury. See, e.g., Holt v. Castaneda, 832 F.2d 123, 124-25 (9th Cir.1987), cert. denied, 485 U.S. 979 (1988).
 
 
 18
 B. State Claims.
 
 
 19
 Appellant argues his state law claims for negligence, malicious prosecution, false imprisonment, abuse of process, libel, and discrimination were improperly dismissed under A.R.S. Sec. 12-821, which requires claims against the state of Arizona to be brought within twelve months[1] after the cause of action accrues.
 
 
 20
 Appellant was arrested on June 9, 1989. He argues in his Opening Brief that one of the defendants lied to a grand jury on June 21, 1989, and that he was incarcerated for six months following the arrest. Therefore, the Court must assume that no count of appellant's Complaint arose later than December 1989.
 
 
 21
 However, appellant filed his Complaint on February 7, 1991--more than twelve months after any claim arose. Further, A.R.S. Sec. 12-821(A) requires service to be achieved within the twelve month period as well, and the record reflects that service was not made on any of the defendants until May, 1991. Thus, appellant's claims were properly barred for failure to meet the twelve-month limitation period.
 
 
 22
 Although not argued to the district court, appellant now suggests that, under A.R.S. Sec. 12-821(B), he was incompetent because he "has no knowledge of what he is doing or what to do." This is no basis for "incompetence." There is no authority supporting appellant's position.
 
 
 23
 C. Denial of Additional Discovery Time.
 
 
 24
 Appellant argues the district court should not have denied his request for additional discovery before ruling on the motion for summary judgment. However, appellant does not state any information that he hoped to obtain through further discovery, as required by Rule 56(f). Appellant complained that defendants had not responded to discovery requests, but those answers were served before the matter was eventually decided.
 
 
 25
 No showing was made that more discovery would benefit Appellant. The district court did not abuse its discretion in denying appellant's request for further discovery. See Burns v. County of King, 883 F.2d 819, 824 (9th Cir.1989).
 
 
 26
 D. Refusal to Appoint Counsel.
 
 
 27
 Appellant argues the district court erred in refusing to appoint counsel for appellant under 28 U.S.C. Sec. 1915(d). Appointment of counsel in civil matters in this Circuit is restricted to "exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir.1984). To show exceptional circumstances, the litigant must demonstrate the likelihood of success and the complexity of legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). Appellant's case neither raises a novel issue, nor does it suggest a likelihood of success. The district court did not abuse its discretion in rejecting appellant's request for counsel. See Franklin, 745 F.2d at 1236 (9th Cir.1984).
 
 
 28
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R 34-4
 
 
 **
 Honorable Gary L. Taylor, U.S. District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant incorrectly argues that A.R.S. Sec. 12-821 provides for a two-year claims period. See Appellant's Opening Brief, Supplemental Pages at 6 ("[T]he complaint was filed February 2, 1991, which is approximately twenty two months but well within two years of limitation [sic] Sec. 12-822.")