56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Emmett M. OLIVER, Plaintiff-Appellant,
v.
SAN FRANCISCO POLICE DEPARTMENT; Charles Siani; Geoffrey
Williams and Marty Lalor, Defendants-Appellees.
 No. 94-15314.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 19, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emmett M. Oliver, a California state prisoner, appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 civil rights action against Officers Charles Siani, Geoffrey Williams, Marty Lalor and the San Francisco Police Department ("defendants") alleging that defendants violated his civil rights by submitting a false police report and committing perjury at his criminal trial. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992), and we affirm.
 
 
 3
 Oliver contends that the district court erred by dismissing his action as frivolous because there exists an arguable basis in law for his claims. This contention lacks merit.
 
 
 4
 Section 1915(d) authorizes the district court to dismiss an in forma pauperis complaint if it is satisfied that the action is frivolous. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous within the meaning of section 1915(d) if "it lacks an arguable basis in law or in fact." Id. at 325.
 
 
 5
 The gravamen of Oliver's complaint is that he was erroneously convicted because defendants submitted a false police report and committed perjury at his criminal trial. Oliver sought damages and declaratory and injunctive relief.
 
 
 6
 Even liberally construing Oliver's complaint, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988), and giving him the benefit of any doubt, we conclude that Oliver's claims lack an arguable basis in law. "In order to recover damages under section 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove the conviction has been invalidated." Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995 (citing Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994)).
 
 
 7
 Because Oliver's allegations against the defendants necessarily imply the invalidity of his conviction, and because Oliver failed to show that his conviction has been invalidated, we affirm the district court's dismissal of Oliver's complaint. Id.; Neitzke, 490 U.S. at 325; Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).[1]
 
 
 8
 To the extent that Oliver contends that the district court erred by denying his request for injunctive and declaratory relief we reject this contention because Oliver failed to show a credible threat of future harm. City of Los Angeles v. Lyons, 461 U.S. 95, 110 (1983); Nelsen v. King County, 895 F.2d 1248, 1251 (9th Cir. 1990) (burden of showing likelihood of recurrence is firmly on plaintiff).
 
 
 9
 To the extent that Oliver contends that he is entitled to be released from prison, his exclusive remedy is a writ of habeas corpus. Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681 (9th Cir. 1984).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Remand for entry of a judgment without prejudice to Oliver's future refiling of an in forma pauperis complaint on the same claims is not necessary because defendants are entitled to absolute immunity from damages under section 1983. Holt v. Castaneda, 832 F.2d 123, 125 (9th Cir. 1987) (absolute witness immunity)