134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cheryl BORJON, Plaintiff-Appellant,
v.
CITY OF SIMI VALLEY, a political entity; Steve Ming, as an
individual and as a police officer for the City of
Simi Valley, Defendants-Appellees.
 No. 96-56162.
 United States Court of Appeals, Ninth Circuit.
 Jan. 21, 1998.
 
 Before: BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cheryl Borjon filed this civil rights action against police officer Steve Ming and the City of Simi Valley. Borjon appeals the district court's grant of summary judgment in favor of Ming and the City. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 FACTS
 
 3
 On May 5 and 6, 1994, police officers obtained arrest warrants for Donald Lewis. Borjon alleges that, on May 18, 1994, the officers entered her home to execute the arrest warrants. After he entered the home, Ming examined Borjon and determined she was under the influence of a controlled substance, methamphetamine. Ming then arrested Borjon.
 
 
 4
 On October 4, 1994, Borjon moved to suppress Ming's observations of her during the execution of the arrest warrants. Ming testified during the suppression hearing that Borjon had consented to the entry. Borjon testified she did not consent. The state trial court believed Ming and denied Borjon's suppression motion.
 
 
 5
 On October 12, 1994, Borjon pleaded guilty and a judgment was entered against her. In June 1995, two officers who were present during the arrest told their supervisor that Ming had falsely testified that Borjon had consented to the entry. On August 8, 1995, the state trial court granted Borjon's motion to withdraw her guilty plea and to dismiss the case, in the interests of justice. Borjon then filed this action on November 13, 1995.
 
 DISCUSSION
 A. Unlawful Search Claim
 
 6
 The district court erroneously determined the limitations period barred Borjon's illegal search claim. Because her claim implicated the validity of her conviction, the claim did not accrue until her conviction was overturned. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir.), cert. denied, 118 S.Ct. 60 (1997). Thus, her claim did not accrue until August 8, 1995, when the state court invalidated her conviction. Borjon then filed her action within the one-year limitations period provided by California law. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995).
 
 Fair Trial Claim
 
 7
 Assuming Borjon properly raised a fair trial claim in her complaint, the district court did not err by granting summary judgment on this claim. Witnesses, including police officers, enjoy absolute immunity from civil rights suits based on their testimony in adversarial proceedings, even if the testimony was perjured. See Holt v. Castaneda, 832 F.2d 123, 124-27 (9th Cir.1987). Thus, Ming would have been entitled to absolute immunity.
 
 
 8
 At oral argument, Borjon argued her fair trial claim extended not only to Ming, but to the officers who were present when he testified. She contends that although these officers did not testify, they knew Ming testified falsely and they remained silent. We do not consider this aspect of Borjon's fair trial claim. She has not sued the other officers, and she did not present this argument to the district court.
 
 C. Failure-to-Train Claim
 
 9
 The district court did not err by granting summary judgment on Borjon's claim against the City, alleging the City failed to adequately train its police officers. Borjon failed to produce any evidence in support of this claim in her opposition to summary judgment. Borjon could not rely solely on the allegations in her complaint to defeat summary judgment. Gasaway v. Northwestern Mut. Life Ins., 26 F.3d 957, 959-60 (9th Cir.1994).
 
 
 10
 Borjon argues she could not adequately respond to the summary judgment motion because the City had failed to timely respond to her discovery requests. Borjon did not raise this argument before the district court. The argument, therefore, is waived and we will not consider it. See Komatsu, Ltd. v. States S.S. Co., 674 F.2d 806, 812 (9th Cir.1982).
 
 
 11
 AFFIRMED IN PART AND REVERSED IN PART. The appellant Cheryl Borjon shall have and recover one-half of her costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3