Clayton **FORSYTHE**; Robert Hansen; Michael Park, Plaintiffs–
Appellants,

v.

**CITY OF BURBANK**; Burbank Police Department; Jose Duran; Kelly Carsten; Dennis Offerman; Patrick Lynch; Ron Caruso; Craig Ratliff; Larry Koch, Defendants–Appellees.

No. 99–56079.

D.C. No. CV–98–01872–CBM–SHx.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2001.

Decided March 9, 2001.

Before D.W. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

### MEMORANDUM [1]

Clayton Forsythe, Robert Hansen, and Michael Park appeal the grant of summary judgment on their 42 U.S.C. § 1983 claims against the City of Burbank and several City police officers. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo both the district court's grant of summary judgment and the district court's application of qualified immunity.[2]

The plaintiffs contend that the district court erred in finding that the individual officers were entitled to qualified immunity for their arrests.

■ Law-enforcement officers are entitled to qualified immunity when they engage in a course of conduct that a rea-

sonable officer could have believed was lawful.[3] We apply a two-part analysis when determining whether law-enforcement officers are entitled to qualified immunity: "(1) Was the law governing the officer's conduct clearly established?" and "(2) Under the law, could a reasonable officer have believed the conduct was lawful?"[4] The relevant inquiry is whether a reasonable officer, in light of clearly established law and given the information the officers possessed, could have believed that the arrests were lawful.[5]

■ Here, the officers interviewed both of the boys, the alleged victims of the crime, each of whom gave detailed accounts of possible robbery, kidnaping, and extortion. The officers were entitled to rely on these reports.[6] The boys also looked visibly shaken by the events when interviewed. The officers therefore had probable cause for the arrests and are entitled to qualified immunity. That the arrests and the charges were excessive in the circumstances bears on the appropriateness of various discretionary decisions made by the officers and the prosecutor, but does not vitiate qualified immunity.

■ Plaintiffs also contend that the district court erred by failing to address the § 1983 liability of the officers in connection with filing allegedly false or materially misleading police reports to the district attorney. The officers, however, are enti-

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2. See *Hervey v. Estes*, 65 F.3d 784, 788 (9th Cir.1995).

3. See *Anderson v. Creighton*, 483 U.S. 635, 638–39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

4. *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir.1993).

5. See *Anderson*, 483 U.S. at 641.

6. See *Illinois v. Gates*, 462 U.S. 213, 233–34, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); see also *People v. Kershaw*, 147 Cal.App.3d 750, 755, 195 Cal.Rptr. 311 (1983) ("[I]nformation coming from private citizens who are witnesses to or victims of a criminal act is presumed reliable" under California law.)

tled to absolute immunity for their reports to the district attorney.[7]

 Similarly, because the plaintiffs were unable to provide any evidence that the City of Burbank has a policy, practice, or custom of "unreasonably seizing" citizens or of filing false reports, summary judgment for the City of Burbank was proper.[8]

AFFIRMED.

---

7. *See Holt v. Castaneda,* 832 F.2d 123, 125 (9th Cir.1987).

8. *See Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (no municipal liability under § 1983 unless an official policy or custom is the "moving force" behind the constitutional violation).

