David E. PALISMO, Plaintiff—
Appellant,

v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS; et al.,
Defendants—Appellees.

No. 04–56337.
D.C. No. CV–03–05719–GHK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 15, 2005.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

**216**

David E. Palismo, Camarillo, CA, for Plaintiff–Appellant.

Robert F. Helfand, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Defendants–Appellees.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM **

David E. Palismo, a former California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action against defendants for their participation in parole proceedings in which his parole was revoked for failure to attend counseling sessions. We review de novo a district court's Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim, *Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997), and we affirm.

The district court correctly dismissed Palismo's claims against the California Department of Corrections ("CDC") because the CDC is a state agency entitled to sovereign immunity under the Eleventh Amendment. *See In re Pegasus Gold Corp.,* 394 F.3d 1189, 1195 (9th Cir.2005).

Palismo's claims against parole officers Jeffrey Rodriguez and Jerry Quintiliani are barred by absolute quasi-judicial

** This disposition is not appropriate for publication and may not be cited to or by the

immunity because they were acting in their judicial capacity in the context of parole proceedings. *See Bermudez v. Duenas,* 936 F.2d 1064, 1066 (9th Cir.1991) (per curiam). To the extent Palismo challenges Rodriguez's testimony against him, his claim fails because witnesses have absolute immunity from civil suits for damages relating to their testimony at parole hearings. *See Holt v. Castaneda,* 832 F.2d 123, 125 (9th Cir.1987). To the extent Palismo challenges Rodriguez's imposition of parole conditions, Rodriguez is similarly entitled to absolute immunity. *See Anderson v. Boyd,* 714 F.2d 906, 909 (9th Cir.1983).

The district court properly concluded that Palismo failed to state a claim against his defense attorney, Kenneth Allen, because he is a lawyer in private practice who was not acting under color of state law, and therefore, cannot be held liable under section 1983. *See Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003).

Palismo's remaining contentions lack merit.

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.