**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON A. MARTIN, | No. 08-17100 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-02796-LKK-EFB |
| v. | |
| JENNELL PARKS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Sharon A. Martin appeals pro se from the district court's judgment

dismissing her action alleging that defendants conspired to violate her

constitutional rights in relation to alleged zoning violations on her property.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Holt v. Castaneda*, 832 F.2d 123, 124 (9th Cir. 1987), and we affirm.

The district court properly dismissed the claims against defendants Hollows, Candee, Mize, and Scott because they are entitled to judicial immunity based on alleged acts performed in their official capacities. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities.").

The district court properly dismissed the remainder of the claims for failure to state a claim upon which relief can be granted. *See Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991) (per curiam) ("To state a section 1983 claim, a plaintiff must allege facts which show a deprivation of a right, privilege, or immunity secured by the Constitution or federal law . . . ."); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (stating that a court is not required to accept as true a complaint's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences) (citation omitted).

Martin's remaining contentions are unpersuasive.

We deny the petition for writ of mandamus. *See Bauman v. U.S. Dist.*

*Court*, 557 F.2d 650, 654-55 (9th Cir. 1977) (discussing five guidelines to determine whether the "extraordinary" remedy of mandamus is warranted).

**AFFIRMED.**