**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN GABOR; KAY GABOR, | No. 08-17440 |
| Plaintiffs - Appellants, | D.C. No. 5:07-cv-06091-RMW |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

John Gabor and Kay Gabor appeal pro se from the district court's judgment

dismissing their action alleging a conspiracy between district court judges, district

court clerks, and counsel who defended a separate civil action brought by the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gabors. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Holt v. Castaneda*, 832 F.2d 123, 124 (9th Cir. 1987), and we affirm.

The district court correctly determined that the claims against defendants United States of America, the Administrative Office of the United States District Courts, and Michael Mukasey are barred by sovereign immunity. *See Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003) (stating that the United States, federal agencies, and federal officers acting in their official capacities have sovereign immunity). The district court also correctly determined that defendants D. Miyashiro, Jackie Garcia, James A. Scharf, and Bradley Alan Solomon have judicial immunity from claims based on alleged acts performed in their official capacities. *See Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (stating that court clerks performing functions closely associated with the judicial process are entitled to absolute immunity); *Fry v. Melarango*, 939 F.2d 832, 836 (9th Cir. 1991) (stating that absolute quasi-judicial immunity applies to a government attorney's handling of civil litigation).

The district court properly dismissed the remainder of the claims for failure to state a claim upon which relief can be granted. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (stating that a court is not required to

accept as true a complaint's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences) (citation omitted).

The Gabors' remaining contentions are unpersuasive.

We deny the petition for writ of mandamus. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977) (discussing five guidelines to determine whether the "extraordinary" remedy of mandamus is warranted).

**AFFIRMED.**